No. 1503.—J. B. Sanarens & Co. *v.* H. M. True et al

The goods of a sub-lessee on the leased premises are only liable to seizure for the rent that is past due. A lessor can not hold the sub-lessee for rent that is not yet due, unless he show an assumpsit of the lease.

APPEAL from the Fourth District Court of New Orleans. *Théard*, J. E. C. *Guillet* and *Collens & Wooldridge*, for plaintiff and appellant. B. *Egan* and *Cotton & Levy*, for defendants and appellees.

Wyly, J. The plaintiffs have appealed from a judgment dismissing, on a rule, the writ of provisional seizure sued out by them, under which the property of the defendant, H. M. True, was seized.

They allege they leased to Benjamin F. Smith, by notarial act, their door, blind and sash factory, in the city of New Orleans, from the sixteenth of February, 1867, to the thirty-first of August, 1869, for the monthly rent of $250, evidenced by notes drawn to the order of and indorsed by H. L. Fulkerson, and payable monthly. "That on the eighth of June, 1867, or thereabouts, Benjamin F. Smith sold his said lease and interest to H. M. True, Esq., who took possession of the same on the same day, and has ever since carried on the business."

They sued Smith, the lessee and maker of the rent notes, Fulkerson, the indorser, and True, the occupant of the premises, *in solido*, for the whole amount of the rent under the contract of lease, to wit: $6500, of which only the sum of $250 was then due.

The prayer of the petition is for judgment for $250, the amount of the rent due, less $14 45, with eight per cent. interest from thirty-first of July, 1867, together with lessor's privilege on the movables on the premises; also, for judgment against the defendants in solido for the amount of the rent notes to become due at the end of each calendar month, from the first day of August, 1867, to the thirty-first day of August, 1869, conditioned that execution do issue for the sum of $250, and interest at the expiration of each month due and unpaid under said lease. The petition also contains a prayer for a writ of provisional seizure, which was accordingly issued, and the movables of the defendant, True, found on the premises, were seized.

As soon as the writ was levied, True paid into court the amount of the rent due, with interest and costs, and took the rule herein to have the provisional seizure set aside, and his property released.

The principal grounds stated in the rule are, that there was no rent due, he, True, having paid into court the amount then due; also, that his property was not liable to seizure for the debt of the other defendant, there being no privity of contract between himself and the plaintiffs and the other defendants.

The question is, was the defendant, True, entitled to have his property under provisional seizure released, after paying up the amount of the rent due? This raises the question: What was the attitude of the occupant, H. M. True, to the lessors, the plaintiffs?

If he was merely a sub-lessee, or held under the lessee, Smith, without assuming or engaging to discharge the rent notes made by the latter, his liability to the lessor was only to the extent of his indebtedness to the principal lessee, (C. C. 2676), and his movables on the leased premises were only subject to seizure for that amount. If he occupies this position in the case, the judge did not err in setting aside the provisional seizure.

But if his position toward the plaintiffs was as they claim, to wit: having bought the lease from Smith, he assumed the payment of all the unmatured rent notes, undoubtedly the judge erred in dismissing the provisional seizure.

After examining the evidence, we have arrived at the conclusion that the plaintiffs have failed to prove the assumption by H. M. True of the rent notes executed by the principal lessee, Smith.

Not having assumed the unmatured installments for rent, his property was not liable to provisional seizure therefor. Having paid into court the full amount of the debt, interest and costs due for rent, the defendant, H. M. True, very properly demanded the release of his property from provisional seizure; and, in our opinion, the district judge did not err in setting aside the writ.

It is therefore ordered that the judgment appealed from be affirmed, with costs.

Rehearing refused.